IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM BARNETT, # 36714-037 | : |
| Petitioner | : |
| v. | : Civil Action No.  GLR-11-2256 |
| ATTORNEY GENERAL, STATE OF MARYLAND | : |
| Respondent | : |

**MEMORANDUM**

Pending is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by self-represented petitioner William Barnett ("Barnett"), an inmate at the Federal Correctional Institution-Loretto.  ECF Nos. 1 and 3.  Respondent, the State of Maryland, by its counsel has filed a limited response requesting dismissal of the petition, ECF No. 5, to which Barnett has replied.  ECF No. 7.  The Court deems a hearing unnecessary to resolve the issues.  See Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts" and Local Rule 105.6 (D. Md. 2011).  After careful consideration of the pleadings, exhibits, and applicable law, the Court will dismiss the Petition for lack of subject matter jurisdiction and deny a Certificate of Appealability.[1]

**BACKGROUND**

On August 15, 2011, Barnett filed this Petition, challenging his 1991 conviction entered pursuant to a guilty plea in the Circuit Court for Prince George's County for possession with

---

[1]  Barnett has also filed a motion for appointment of counsel  (ECF No. 9) which shall be denied. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987).  A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B).  Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required."  Petitioner has adequately presented his claims, discovery is not warranted,  and an evidentiary hearing is not necessary.

intent to distribute a controlled dangerous substance.  On January 7, 1991, he was sentenced to serve 20 years of incarceration, with all but six months suspended, followed by five years of probation.  Barnett neither filed an application for leave to appeal the entry of his plea and sentence, nor a petition for post-conviction relief.  Barnett completed his sentence and was discharged from probation on February 22, 1994.  ECF No. 5, Exhibit 1 at 7-9, Petition, ECF No. 1 at 9 and 11.

In 2001, Barnett was convicted in the United States District Court for the District of Maryland of conspiracy to distribute a controlled dangerous substance, and subsequently sentenced to serve 240 months in prison.  See United States v. Barnett, Criminal No. AW-01-00058 (D. Md. 2003).[2]  Barnett's federal sentence was enhanced based on the Maryland judgment of conviction at issue here.  Petition, ECF No. 1 at12.

In 2007 and 2008 Barnett, no longer in custody on the Maryland judgment of conviction, petitioned for a Writ of Coram Nobis seeking relief from his 1991state conviction because it had served to enhance his federal sentence.  Petition, ECF No. 1 at 1-2, Exhibit 1at 2-3.  On March 5, 2010, a hearing was held on Barnett's motions in the Circuit Court for Prince George's County.  Relief was denied and the ruling was affirmed on appeal by the Court of Special Appeals of Maryland.  Petition, Exhibit 1.

## DISCUSSION

The habeas statute at 28 U.S.C. § 2254 provides "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he

---

[2] Barnett's federal judgment of conviction was affirmed on appeal. See United States v. Barnett, 63 Fed.Appx. 643 (4th Cir. 2003).   He later filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 which was denied. See Barnett v. United States, Civil Action No. AW-04-3275 (D. Md. 2005).

is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added).  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91(1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238.

Barnett does not dispute that he is no longer in custody or under supervision on the basis of the judgment challenged in this petition; his sentence, including the probationary period, expired on February 22, 1994, and he filed the instant petition for federal habeas corpus relief on August 15, 2011.  Instead, he asserts the purpose of the instant Petition is to attack the predicate state court judgment used to enhance his federal sentence.

Because Barnett was not serving a Maryland sentence on the judgment at issue when he filed his instant habeas corpus petition, he was not "in custody" for the purposes of 28 U.S.C. § 2254(a), and the Petition must be dismissed as a threshold matter.  See Lackawana County District Attorney v. Coss, 532 U.S. 394, 401 (2001).[3]  The court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . [and][i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained"); Cook, 490 U.S. 488, 492-93 (1989) (Section 2254 custody requirement is not met when inmate challenges expired state sentence, even if expired

---

[3] There are limited exceptions to this rule. *See Lackawanna*, 532 U.S. at 404 (failure to appoint counsel in violation of the Sixth Amendment in the former conviction); *Daniels v. United States*, 532 U.S. 374, 383–84 (2001) (no avenue of review available to defendant through no fault of his own).  These exceptions do not apply here.

sentence has enhanced current sentence.).

Under these facts, Barnett is no longer in custody pursuant to a judgment or order of a state court, and therefore fails to satisfy the "in custody" requirement of the federal habeas statute.  For this reason, the Petition must be dismissed for lack of subject matter jurisdiction.

## CERTIFICATE OF APPEALABILITY

The Court declines to issue a Certificate of Appealability because Barnett fails to make "a substantial showing of the denial of a constitutional right."  U.S.C. § 2253(c) (2), <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that to satisfy the requirements of § 2253(c), a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (quoting <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000)).  A separate Order consistent with this Memorandum follows.

July 12, 2012

                                                        George L. Russell, III
                                                        United States District Judge